CALLAHAN, Circuit Judge, dissenting:
If we could reach the merits of these appeals, I would concur in my colleagues' opinion. But I read Section 102 of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") as limiting review of the district court's decision to review by certiorari in the Supreme Court. Accordingly, I would dismiss these appeals.
As noted by my colleagues, we begin with the language of the statute:
(c) Waiver.-
(1) In general.-Notwithstanding any other provision of law, the Secretary of Homeland Security shall have the authority to waive all legal requirements such Secretary, in such Secretary's sole discretion, determines necessary to ensure expeditious construction of the barriers and roads under this section. Any such decision by the Secretary shall be effective upon being published in the Federal Register.
(2) Federal court review.-
(A) In general.-The district courts of the United States shall have exclusive jurisdiction to hear all causes or claims arising from any action undertaken, or any decision made, by the Secretary of Homeland Security pursuant to paragraph (1). A cause of action or claim may only be brought alleging a violation of the Constitution of the United States. The court shall not have jurisdiction to hear any claim not specified in this subparagraph.
(B) Time for filing of complaint. ...
(C) Ability to seek appellate review.-An interlocutory or final judgment, decree, or order of the district court may be reviewed only upon petition for a writ of certiorari to the Supreme Court of the United States.
IIRIRA § 102(c).
Section 102(c)(2)(A) first provides that district courts "shall have exclusive jurisdiction to hear all causes or claims arising from any action undertaken, or any decision made, by the Secretary of Homeland Security pursuant to paragraph (1)," and then states "[a] cause of action or claim may only be brought alleging a violation of the Constitution of the United States." My colleagues do not think that the second clause modifies the district court's jurisdiction. Rather, the majority holds that the district court has jurisdiction to consider not just plaintiffs' constitutional claims, but also their ultra vires claims.
I have questions as to the majority's interpretation of the statute, but recognize that the presumption that Congress does not intend to deny all judicial review arguably *1227 provides a basis for the district court considering the plaintiffs' ultra vires claims. See Leedom v. Kyne , 358 U.S. 184, 190, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958) (noting that courts "cannot lightly infer that Congress does not intend judicial protection of rights it confers against agency action taken in excess of delegated powers.").
But even accepting that the district court may consider some of plaintiffs' ultra vires claims, we do not have jurisdiction to review its decision. Section 102(c)(2)(C)'s direction is clear and unequivocal: "An interlocutory or final judgment, decree, or order of the district court may be reviewed only upon petition for a writ of certiorari to the Supreme Court of the United States." It covers all conceivable decisions by a district court: orders, decrees, and interlocutory and final judgments. It states that review is "only upon petition for a writ of certiorari." IIRIRA § 102(c)(2)(C). I read this subsection as requiring that for all actions filed in a district court that arise "from any action undertaken, or any decision made, by the Secretary of Homeland Security pursuant to paragraph (1)," appellate review is limited to the Supreme Court. IIRIRA § 102(c)(1). Moreover, as Congress has provided for appellate review, there is no reason not to abide by the statute's plain intent. See Flores-Miramontes v. I.N.S. , 212 F.3d 1133, 1136 (9th Cir. 2000) (noting that if plaintiff "can raise his claims elsewhere ... we need not read an exception into the jurisdiction-stripping provision at issue.").
The majority circumvents the statute's restriction on appellate jurisdiction by arguing that the ultra vires claims do not "arise out of" the Secretary's waiver of legal requirements under § 102(c)(1). This ignores the obvious thrust of the plaintiffs' complaints, which challenge the Secretary's authority to "waive all legal requirements" on both constitutional and statutory grounds. Indeed, their claims under the National Environmental Policy Act, 42 U.S.C. § 4321 et. seq., the Administrative Procedure Act, 5 U.S.C. § 551 et. seq., and the Coastal Zone Management Act, 16 U.S.C. § 1451 et. seq., primarily assert that the Secretary cannot waive the procedural requirements of those statutes.
It is true that plaintiffs' assertions that the Secretary lacks any authority to construct border walls are arguably separate from plaintiffs' arguments concerning the Secretary's ability to waive legal requirements. But these are weak secondary arguments that the district court and the majority correctly reject. These are arguments that would be raised at different times, possibly in different fora, but for the Secretary's exercise of authority under § 102(c)(1). Moreover, the district court's rejection of collateral or secondary arguments in litigation that primarily challenge the Secretary's exercise of authority under § 102(c)(1) remains subject to the appellate restriction in § 102(c)(2)(C). One of the purposes of the restriction on appellate jurisdiction is to expedite appellate review and this purpose is compromised if the losing parties are allowed to seek review of some issues in the court of appeal and others in the Supreme Court.
Accordingly, I dissent from the majority's opinion because § 102(c)(2)(C) restricts appellate review of the district court's decisions in these cases to the Supreme Court.